UTLEY v. TITCOMB & a.

The question whether a bequest given in a codicil to one of the legatees named in the will is cumulative or substitutionary considered.

Declarations by a testator as to his intention are not admissible upon the construction of a will or codicil.

BILL IN EQUITY, by the executor of Moses Titcomb, asking for a construction of the will and codicil of the testator, and direction from the court whether to pay $2,000 to William H. Titcomb, in trust for Benjamin Titcomb, by virtue of the codicil in addition to the legacy mentioned in the first item of the will. Facts found by the court. The first item of the will is as follows: "I give and devise to my nephews, William H. Titcomb and Benjamin Titcomb, and to the survivor, the sum of three thousand dollars each, the share of the one dying first to go to the survivor." The material clause in the codicil, made three years after the will, is as follows: "I also give to William Henry Titcomb, of Rockland, Maine, the sum of two thousand dollars in trust, for the benefit of Benjamin Titcomb, my nephew, of Boston, to be used in his discretion for the necessities of said Benjamin, and if not all used for this purpose, to go to the residuary legatees named in said will." No residuary legatees were named in the will.

The plaintiff offered to show that before the codicil was made, the testator said to Mr. Clement, in the presence of Mrs. Clement, that he had come to the conclusion not to give Benjamin anything in his own right, because he did not wish to have his property squandered; also, that Mrs. Clement saw the testator write a letter to the defendant William a short time after the codicil was executed, and that he told her he had written Benjamin how he had made his codicil, and had made his codicil as he did because he did not wish to have his property squandered; also, that the last time Benjamin was at Franklin, the testator told Mrs. Clement that he had a talk with Benjamin the evening previous, and told her what the business was about which they talked. The evidence was excluded, and the plaintiff excepted.

*Barnard & Barnard*, for the plaintiff.

*Chase & Streeter*, for the defendants.

CARPENTER, J. Benjamin Titcomb takes both legacies. They differ in amount; are given in different instruments,—the first directly, the last through the intervention of a trustee. The former, in one event, is increased two-fold and absolute; the latter is for life only. In one, the remainder is contingent and goes to his brother, while in the other it is vested in the heirs at law, there

10*

being no residuary legatees named in the will. By the codicil, one item of the will, but not the one in question, is expressly revoked. There is no evidence that the testator intended to diminish his bounty to William H., who under the first clause in the will takes three thousand dollars for life, and, in case he survives Benjamin, six thousand dollars absolutely. But a revocation of that clause, so far as it relates to Benjamin, would necessarily reduce the legacy to William, in the event that he survives his brother, to three thousand dollars; and whether he would take in that sum more than a life interest may not be altogether certain. These circumstances are each evidence tending to show, and taken together are decisive, that the legacy given by the codicil was intended to be cumulative.

Whether all the evidence received is competent need not be considered. If competent, it is not of sufficient weight to overbalance the intrinsic evidence. The change in the testator's feelings toward Benjamin is not necessarily inconsistent with an intention to give him both legacies. It may well be that he was thereby induced to give to William in trust the legacy which otherwise he would have given directly to Benjamin.

The excluded evidence was properly rejected.

*Case discharged.*

STANLEY, J., dissented: SMITH, J., did not sit: the others concurred.